UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Z PAYMENTS SOLUTION CORP.,

                Plaintiff,

-against-

FIRST DATA MERCHANT SERVICES LLC AND FISERV, INC.,

                Defendants.

23-cv-3702 (AS)

ORDER OF DISMISSAL

---

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiff Z Payments Solutions Corp. brought this action against Defendants First Data Merchant Services LLC and Fiserv, Inc. For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    On April 4, 2023, Plaintiff filed its complaint in the Supreme Court of the State of New York. Dkt. 1-1. On May 2, 2023, Defendants removed the complaint to this Court. Dkt. 1.

    Plaintiff's then-counsel, who was not licensed to practice in federal court, filed a motion to withdraw in state court and did not enter an appearance before this Court. Dkt. 8-1. The Court ordered that new counsel for Plaintiff should appear by May 26, 2023. Dkt. 9. After Plaintiff failed to retain new counsel, the Court *sua sponte* extended Plaintiff's deadline to retain counsel and warned that "[f]ailure to comply with this Order will result in dismissal of the case for failure to prosecute." Dkt. 11. On May 31, 2023, new counsel appeared on behalf of Plaintiff. Dkt. 12.

    Plaintiff's counsel then advised that it intended to file an amended complaint. Dkt. 17. The Court ordered that any amended complaint be filed no later than June 30, 2023. Dkt. 18. On June

29, 2023, Plaintiff requested an extension of time to file its amended complaint. Dkt. 19. The Court granted the request. Dkt. 20.

On July 14, 2023, Plaintiff "determined that it is premature to amend the Complaint, as discovery is needed to further investigate the underlying facts of this matter." Dkt. 21. The Court then entered a case management plan, which allowed Plaintiff to amend its pleadings without leave of Court until October 9, 2023. Dkt. 26.

On October 13, 2023, the parties filed a status update with the Court in which Plaintiff indicated that it intended to amend its complaint. Dkt. 33. Plaintiff did not explain why it had failed to comply with the October 9, 2023 deadline. *Id.* Nevertheless, the Court granted Plaintiff until October 23, 2023, to file an amended complaint. Dkt. 34.

On October 22, 2023, Plaintiff requested an additional extension of time to file its amended complaint. Dkt. 35. The Court granted the extension until November 7, 2023. Dkt. 36. On November 6, 2023, Plaintiff requested another extension to file its amended complaint. Dkt. 37. Defendant opposed the request. Dkt. 38. This time, the Court denied the request. The Court noted the significant number of extensions that had already been granted and that Plaintiff's recent extension requests "have violated the Court's Individual Practices because they were not made two business days prior to the deadline and have not stated whether Defendants consent to the extension." Dkt. 39.

On November 13, 2023, Plaintiff's counsel requested leave to withdraw. Dkt. 40. The Court granted the request and directed Plaintiff to retain new counsel no later than December 4, 2023. Dkt. 41. New counsel did not appear on behalf of Plaintiff. On December 5, 2023, the Court *sua sponte* extended the deadline for Plaintiff to obtain new counsel until December 28, 2023. Dkt. 44. The Court warned that "corporations may not appear without counsel, and its claims may be

dismissed for failure to prosecute if no successor counsel appears by this deadline." *Id.* New counsel still did not appear on behalf of Plaintiff.

On December 29, 2023, the Court *sua sponte* granted Plaintiff another extension of time to retain new counsel. Dkt. 45. The Court warned that if new counsel did not appear by January 12, 2024, the case would be dismissed for failure to prosecute without further notice. *Id.*

To date, new counsel for Plaintiff has not entered an appearance on the docket.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or to comply with the[] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (cleaned up). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Dismissal is appropriate here. Plaintiff has failed to prosecute this case since counsel withdrew over two months ago, despite the Court's repeated orders that Plaintiff obtain new

3

counsel. Further, even prior to counsel withdrawing from this case, Plaintiff's behavior has caused significant delays. Not only did Plaintiff miss the Court's deadline to retain new counsel when its first attorney withdrew, but Plaintiff proceeded to request multiple extensions of time to file an amended complaint. As a result, Defendants have still not filed an answer or otherwise responded to the complaint, even though this case was filed nearly nine months ago. "[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until [P]laintiff changed [its] mind or the court lost patience." *Wilson v. Oxford Health Plans (N.Y.), Inc.*, 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002); *see also Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law.")

In addition, the Court put Plaintiff on notice that further delay would result in dismissal. On December 5, 2023, the Court warned that "corporations may not appear without counsel, and its claims may be dismissed for failure to prosecute if no successor counsel" appeared. Dkt. 44. And on December 29, 2023, the Court warned that failure to obtain new counsel would lead to dismissal for failure to prosecute. Dkt. 45. Plaintiff had also been previously warned on May 30, 2023, that failure to obtain counsel would result in dismissal for failure to prosecute. Dkt. 11.

Nevertheless, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. This case is at an early stage, Defendants do not appear to have had a significant level of substantive involvement in the case, and the case has not substantially burdened the Court's docket. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or [especially] burdensome, prejudice to defendants beyond the delay itself."); *Ortega v. Mutt*, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, when any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the

4

right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: January 16, 2024
       New York, New York

ARUN SUBRAMANIAN<br>
United States District Judge